510 P.2d 1098

**David H. GREENWOOD et al., Plaintiffs,**

v.

**STATE of Utah By and Through its ROAD COMMISSION, Defendant.**

**STATE of Utah By and Through its ROAD COMMISSION, Plaintiff and Appellant,**

v.

**D. Hartley GREENWOOD et al., Defendants and Respondents.**

No. 13012.

Supreme Court of Utah.

June 5, 1973.

Vernon B. Romney, Atty. Gen., John S. McAllister, Asst. Atty. Gen., Salt Lake City, for appellant.

Everett E. Dahl, Midvale, for respondents.

ELLETT, Justice:

This is an appeal by the State Road Commission from a summary judgment holding that respondents have a compensable interest in land which they do not own and which was taken for the construction of a freeway.

The facts of this case show that a freeway was constructed between land owned by respondents and a large canal from which water was diverted into lateral ditches to irrigate lands belonging to respondents. No land of respondents was taken, but they claim some sort of a "walking right" along the lateral ditch bank to make certain that they get their proper share of irrigation water.

The issue before us is this: Assuming an individual has some sort of prescriptive right to walk across the land of another, is he entitled to compensation when that land is taken under the right of eminent domain?

There is no interference with the flow of the irrigation water, as an adequate pipe is placed under the freeway through which the water flows. The complaint of the respondents is that they cannot now walk the full length of the lateral ditch without making a detour of approximately one mile in order to cross the non-access highway.

The identical question was before this court in the case of State Road Commission

v. Utah Sugar Company.[1] We there held that the inconvenience of making a detour in order to cross a non-access highway in order to patrol a canal was not compensable.

Here the respondents say we should make a different ruling because they were afoot while in the Utah Sugar case, supra, the patrolling was done in a car.

We can see no difference in the law and, therefore, hold that the instant case is governed by the law as stated in the case above cited. The judgment is reversed. No costs are awarded.

CALLISTER, C. J., and HENRIOD, and TUCKETT, JJ., concur.

CROCKETT, Justice (concurring in the result).

I concur in reversing the judgment. But I do not see the problem here as "identical" to that presented in the Utah Sugar Company case (footnote 1 main opinion). Should anyone be further interested I refer to the respective opinions in that case. There, 3.8 acres of land was taken and compensated for. The dispute was as to whether the inconvenience of travel could be compensated as severance damages. But in this case no property was taken. Therefore, upon any view of that case, whether the prevailing opinion or the dissent, appellants could not recover.